Booth, J.,
delivered the opinion of the court:
The claimants, Bosser & Castoe, a partnership, entered into a written agreement with the defendants to construct a steel tank and trestle at Fort H. G. Wright, Fishers Island, N. Y. The sections of the contract involved in this suit relate to the stipulations as to time of completion. The claimants were unable to comply with these stipulations; asked for and received extensions, embodied in a supplemental contract which carried them forward from August 1, 1902, until April 1, 1903. The contract was dated March 7, 1902, and called for completion of the work on August 1, 1902, which, notwithstanding the extensions authorized, was not completed until July 25, 1903. The defendants permitted contractors to proceed to the completion of the work subsequent to the time limit expressed in the supplemental contract, accepted the same, and paid the contract price, less a reduction of $885 charged against the contractors on account of the employment of an extra engineer. The circumstances attending the employment of the extra engineer clearly indicate that the same was, if not a necessity, at least a convenience for the defendants. We think it a necessity in nowise attributable to the claimants. The tank and trestle constructed by claimants were part of a new waterworks system being installed at the post. The Avork other than tank and trestle was being done by another contractor. This work was completed in advance of the tank, and it became necessary to keep the mains so laid fully supplied with water for fire and other protection. It was just as necessary after the completion of the tank to keep it full of water by pumping, as the water from the tank, elevated as it was, supplied the water to the mains. No doubt some additional pumping ivas required, but the services of the engineer were just as indispensable in one case as the other. The extra assistance rendered the engineer was due to the necessities of the case and the fact that the post engineer was unable to get quarters at or near the station of his employment. The relief obtained by the employment of the assistant engineer inured to the benefit of the post engineer, as Avell as for proper fire *196 protection to defendants’ property. In fact, his employment is still continued. The record fails to disclose any damage to the defendants.
The contract contained no provisions for penalties or liquidated damages in event-of failure to complete the work within the contract period. There was a provision authorizing the defendants to complete the work at the expense of the contractors in case of failure upon their part to fully execute the contract. This provision was, however, waived, and the claimants within a reasonable time completed the work with the full knowledge and permission of the defendants, and their work was accepted by proper authority. Claimants do not contend that defendants could not under the law recoup in this action any damages occasioned the defendants. The waiver of the time limit fixed in the contract was a waiver of the right of forfeiture. Defendants had a right to grant or to refuse to grant an extension of time, irrespective of damages resulting therefrom. (Page on Contracts, vol. 3, p. 2317 et seq.; Phillips v. Seymour, 91 U. S., 646.)
Defendants’ contention respecting this issue is entirely sound. If the proof in the record disclosed resulting damages to the defendants because of the failure to strictly perform the contract the petition would be dismissed. Defendants’ case fails not upon the proper construction of the law but upon the facts. Having permitted the contractor to proceed to completion the work in hand, and having accepted the completed work under the contract, whatever deductions by way of damages made from the consideration expressly agreed to be paid must be sustained by positive proof showing the same to have been directly and proximately chargeable to some default upon claimants’ part. (Page on Contracts, supra.)
The evidence in the record consists entirely of official letters, communications, orders, and reports, competent as held in United States v. McCoy (193 U. S., 593). The findings of the court are predicated thereon.
Judgment is awarded the claimants in the sum of $885. It is so ordered.